**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC L. FLOYD,[1]
       Appellant,

      v.

DEPARTMENT OF DEFENSE,
       Agency.

DOCKET NUMBER
CH-0752-13-2109-I-1

DATE: June 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Eric L. Floyd, Indianapolis, Indiana, pro se.

Benjamin B. Hamlow, Indianapolis, Indiana, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed with prejudice his furlough appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *DFAS-INDY-JFL ORGS v. Department of Defense*, Docket No. CH-0752-14-0707-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed a Board appeal, challenging the agency's decision to furlough him. Initial Appeal File (IAF), Tab 1. The appellant's appeal was consolidated with the appeals of similarly situated employees. *See DFAS-INDY-JFL ORGS v. Department of Defense*, Docket No. CH-0752-14-0707-I-1, Consolidated Appeal File, Tab 1. The administrative judge issued an initial decision that dismissed the appellant's appeal with prejudice for failure to prosecute. IAF, Tab 9, Initial Decision (ID). In concluding that the appellant failed to exercise basic due diligence in prosecuting his appeal, the administrative judge noted that the appellant did not appear for two telephonic status conferences or the prehearing conference, he failed to submit a prehearing submission, he failed to appear for the hearing, and he failed to respond to her Notice of Intent to Dismiss for Failure to Prosecute Appeal. *See* ID at 2-3. The appellant filed a petition for review, and the agency filed a response. Petition for Review (PFR) File, Tabs 1, 3.

¶3    The appellant did not make any arguments on review. *See* PFR File, Tab 1. In fact, the appellant circled "NO" to questions about whether he was denied any procedures during his Board appeal to which he was entitled, whether he had any documents or evidence that were not filed before the record closed, whether the initial decision incorrectly decided any facts or failed to consider any facts, and whether the initial decision applied the wrong law or applied the law incorrectly. *See id.*

¶4    A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). The appellant's petition for review does not meet the criteria for review under 5 C.F.R. § 1201.115. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error). In any event, we discern no error with the administrative judge's conclusion that the appellant failed to exercise basic due diligence in prosecuting his appeal. *See* ID. We therefore affirm her decision to dismiss the appeal for failure to prosecute. *See Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 7 (2015).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.